The remaining grounds of special demurrer are without merit. *Judgment affirmed with direction that the trial court sustain special demurrers 7 and 10 to the petition, with leave to the plaintiff to amend. MacIntyre, P. J., and Townsend, J., concur.*

ON MOTION FOR REHEARING.

In a motion for rehearing distinguished counsel contends very earnestly that this court in rendering its opinion in the instant case, overlooked the recent opinion of *Benton Rapid Express Co.* v. *Johnson,* 202 *Ga.* 597 (43 S. E. 2d, 667), and that the principle of law in that case controls the instant case. The writer happens to be very familiar with the facts and the decision in that case. With all due respect and high regard for distinguished counsel, we disagree with him that the principle of law involved in the *Benton Rapid Express Company* case, under its facts, has any relationship to the principle of law which controls in the instant case. For this reason we did not cite that case in the original opinion.

32013.   FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* DOOLEY *et al.*

GARDNER, J. This case is controlled by the decision in *Atlanta-Asheville Motor Express* v. *Dooley, ante.*
*Judgment affirmed with direction. MacIntyre, P.J., and Townsend, J., concur.*
DECIDED OCTOBER 8, 1948. REHEARING DENIED DECEMBER 15, 1948.

*John M. Slaton,* for plaintiff in error.
*W. Harvey Armistead, Marvin A. Allison, Alton G. Liles,* contra.

32015.   MEDLEY *v.* DOOLEY *et al.*

GARDNER, J. This case is controlled by the decision and judgment in *Atlanta-Asheville Motor Express* v. *Dooley, ante.*
*Judgment affirmed with direction. MacIntyre, P.J., and Townsend, J., concur.*
DECIDED OCTOBER 8, 1948. REHEARING DENIED DECEMBER 15, 1948.